IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RICHARD A. DAVIS, Plaintiff and on Behalf of S.D., a minor. </br></br>  Plaintiffs, </br></br> vs. </br></br> CITY OF PARIS, ILLINOIS, a municipal corporation, MATTHEW MCCONNELL and TRAVIS VICE, </br></br>  Defendants. | Case No. 20-2220 </br></br> CSB-JEH |

# AMENDED COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988, and the Common Law of Illinois. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1343 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2. Plaintiff Richard A. Davis and his minor son S.D. are residents of the Central District of Illinois. S.D. suffers from mental and behavioral disabilities.

3. Defendant City of Paris, Illinois is a municipal corporation.

4. Defendants Travis Vice and Matthew McConnell were, at all times relevant, police officers employed by the City of Paris, Illinois. Each defendant is sued in his individual capacity and at all times relevant hereto was acting under color of state law.

5. At all times relevant, there was in force and effect an ordinance of defendant City of Paris, Illinois stating:               **EXHIBIT**

1

**§ 96.048 BICYCLES AND SKATEBOARDS; RESTRICTIONS**.
It shall be unlawful for any person to ride or use a skateboard or bicycle on any public street, sidewalk, or other public property within the district zoned as C-3 Central Business District and on Main Street and Central Avenue extending south from the Central Business District to the south side of Crawford Street within the city limits. It shall also be unlawful for any person to ride a bicycle on any sidewalk within the district zoned as C-3 Central Business District and on sidewalks from Main Street and Central Avenue extending south from the Central Business District to the south side of Crawford Street within the city limits. It shall also be unlawful for any person to ride or use a skateboard or bicycle on any public or private school property or in Schwarz Park. It shall further be unlawful for any person to ride or use a skateboard or bicycle on private property within the limits of the city unless specific permission has been received from the owner of that property.

(1969 Code, § 22-23) (Ord. 2002-27, passed 8-26-2002; Am. Ord. 2003-12, passed 6-23-2003; Am. Ord. 2003-21, passed 8-11-2003; Am. Ord. 2004-44, passed 9-27-2004) Penalty, see § 96.999

**§ 96.999 PENALTY**.
(C) A violation of § 96.048 of this code shall be punishable by a fine of not less than $75 nor more than $750 for each separate offense.

6. On August 27, 2019, at or around 5:25 p.m., Defendant McConnell, in violation of Paris Police Department pursuit policy, used his squad car to pursue S.D., who had been riding his bicycle on a street or sidewalk in the Central Business District, and almost hit S.D. with a squad car near a private business in the vicinity, which scared S.D., who then fled in fear.

7. On the aforesaid date and time Defendant McConnell was aware that the Paris Police Department Pursuit Policy allows a vehicular pursuit only when there is reasonable suspicion that the driver of the vehicle has committed a violent felony.

8. Defendant McConnell harbored personal animus towards S.D., due to prior interactions where S.D. had directed rude or insulting language towards defendant McConnell.

9. Based only upon his own personal animus, Defendant McConnell decided to arrest S.D. for violation of Ordinance § 96.048, even though the city policy for

enforcing ordinance violations is to simply issue a citation and even though the Ordinance as related to bicycle riding is not normally enforced at all.

10. At that date and time, Defendant McConnell communicated to shift supervisor, Sgt. Kevin Ring that he was in vehicular pursuit of S.D., a minor on a bicycle, for violating the Bicycle Ordinance.

11. Despite his knowledge that S.D. suffered from mental and behavioral disabilities, Sgt. Kevin Ring joined the pursuit when he used his squad car to closely pursue S.D., who was riding a bicycle, in violation of the Paris Police Department Pursuit Policy.

12. On aforesaid date and time Defendant McConnell, in further violation of the Paris Police Department Pursuit Policy, and in furtherance of a conspiratorial motive with Sgt. Kevin Ring, to hide their policy violations from the Chief of Police, maintained radio silence and failed or refused to advise dispatch of the pursuit of S.D., the reason for the pursuit, and the location and direction of the pursuit.

13. After the bicycle he was riding was hit by Sgt. Kevin Ring's squad car, S.D. got even more scared, and "chucked" his bicycle at the squad car's front bumper and ran to a home located at 318 W. Washington Street, which his father was purchasing and went inside the home.

14. Shortly thereafter, Defendants McConnell and Vice, who knew the location of S.D.'s home, arrived there to find that S.D. was not outside of his home.

15. Defendants McConnell and Vice entered S.D.'s dwelling at 318 W. Washington Street in Paris, Illinois.

16. At the time Defendants McConnell and Vice entered the dwelling at 318 W.

Washington Street, they did not have a warrant, exigent circumstances, or consent.

17. After unlawfully entering the dwelling, Defendant McConnell, acting out of anger and personal animus, used excessive and unreasonable force against S.D. and effected a custodial arrest of S.D. for violation of the Bicycle Ordinance.

18. When Defendant McConnell used excessive and unreasonable force against S.D., Defendant Vice was present and could have intervened to stop or prevent the use of excessive and unreasonable force, but he failed to intervene.

19. Acting out of anger and personal animus, Defendant McConnell forcibly arrested S.D., thew him to the floor and, with the physical assistance of Defendant Vice, forcibly handcuffed S.D., who was then taken to the Paris Police Station.

20. S.D.'s father, Plaintiff Richard Davis was present outside and he was not consulted or allowed to accompany S.D. to the Paris Police Station.

21. At the Paris Police Station, acting out of anger and personal animus, Defendant McConnell used excessive and unreasonable force against S.D., in that he slammed S.D. into metal lockers within the Police Station.

22. When Defendant McConnell used excessive and unreasonable force against S.D. at the police station, other police officers whose identity is presently unknown to plaintiff stood by and failed to intervene to stop or prevent McConnell's use of excessive and unreasonable force.

23. After sequestering S.D., a minor, at the Police Station without a parent for approximately an hour, police called Plaintiff Richard Davis and he was then allowed to take his son home.

24. Defendant McConnell's actions of effecting a custodial arrest of S.D. for a

fine-only city ordinance and his use of excessive and unreasonable force against S.D., a minor, lacked a rational basis and instead were taken solely on the basis of defendant McConnell's personal animus and malice against S.D., in violation of the Fourteenth Amendment Equal Protection Clause.

25.     In accordance with and acting pursuant to a widespread, though unwritten, custom of the Paris Police Department of allowing and condoning City of Paris Police Officers to unlawfully enter citizens' homes and to use excessive and unreasonable force against citizens, which condoned and encouraged these defendants' misconduct by the existence of a widespread custom of failing to adequately train, supervise, control and/or punish police officers for their misconduct and their unconstitutional behaviors:

    a.     Defendants McConnell and Vice entered the home of Plaintiffs Richard Davis and S.D., without a warrant, without consent and without exigent circumstances, and

    b.     Defendant McConnell used excessive and unreasonable physical force against S.D., a minor, and

    c.     Defendants Vice and McConnell physically arrested S.D., a minor and removed him from the custody of his father, for an alleged violation of a municipal bicycle riding ordinance punishable only by a fine, and

    d.     Defendant police officer(s) held S.D. in police custody for approximately an hour, without a parent present, for an alleged violation of a municipal bicycle riding ordinance punishable only by a fine, and

    e.     certain defendant police officer(s), including Defendant Vice, failed to

intervene when they witnessed S.D.'s constitutional rights being violated.

26.    In August of 2019, the law was clearly established that police cannot constitutionally enter a citizen's home without a warrant, consent, or the presence of exigent circumstances.

27.    In August of 2019, the law was clearly established that the police cannot constitutionally use excessive or unreasonable force and cannot constitutionally fail to intervene when they witness another officer using excessive or unreasonable force.

28.    In August of 2019, the law was clearly established that a person has a right to even-handed police protection, uncorrupted by personal animus.

29.    In furtherance of the conspiracy to hide his own and Sgt. Kevin Ring's policy and constitutional violations, Defendant McConnell failed to timely write an Incident Report, as required by Paris Police Department Policy, until nine days later, and only after Chief of Police Eric Brown reviewed the department videos of the pursuit and requested an Incident Report be written.

30.    As a direct and proximate result of the defendants' actions and the widespread custom of defendant City of Paris, S.D., a minor was unlawfully arrested, sequestered without a parent and physically abused, after an unlawful entry into his home, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States; was denied equal protection of the law, in violation of the Fourteenth Amendment to the Constitution of the United States; and was subjected to Assault, Battery and the Intentional Infliction of Emotional Distress in violation of Illinois law; and S.D. suffered injury and damages.

31.    As a direct and proximate result of the defendants' actions and the

widespread custom of defendant City of Paris, Richard A. Davis was subjected to the unlawful entry into his home, in violation of the Fourth Amendment to the Constitution of the United States; and was subjected to the Intentional Infliction of Emotional Distress in violation of Illinois law; and Richard A Davis suffered injury and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

(a) Compensatory general and special damages in accordance with proof;

(b) Costs of suit necessarily incurred herein;

(c) Reasonable Attorney's Fees and expenses of litigation;

(d) Punitive damages against the individual defendants, as allowed under the law, (except the immune entity defendant) in an amount sufficient to punish those defendants and to deter future misconduct of these defendants and other similarly situated police officers; and

(e) Such further relief as the Court deems just or proper;

**PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED,
RICHARD A. DAVIS, Plaintiff and
on behalf of S.D., a minor

/s/ JUDE MARIE REDWOOD
Mrs. Jude M. Redwood ARDC # 6257623
REDWOOD LAW OFFICE
P.O. Box 864
St. Joseph, IL 61873
Telephone: (217) 469-9194
Facsimile: (217) 469-8094
redwoodlaw42@hotmail.com